United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 22, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-30968
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

STEPHEN LEE VAZQUEZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Louisiana
(03-CV-50023)

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On January 24, 2005, the Supreme Court granted Vazquez's petition for a writ of certiorari, vacated the prior judgment of this court, and remanded this appeal to this court for "consideration in light of <u>United States v. Booker</u>, 543 U.S.___ [, 125 S. Ct. 738] (2005)." In its remand order the Supreme Court did not specify which of the two majority opinions set forth in <u>Booker</u>

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was the basis for its remand decision. The Supreme Court did make clear in its Booker decision that both opinions would be applicable to all cases pending on direct review or not yet final as of January 12, 2005. See Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)). Vazquez's appeal satisfies those conditions.

Vazquez pleaded guilty to conspiring to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. In his original appeal to this court, Vazquez claimed that his sentence exceeded the maximum sentence provided by the sentencing guidelines for the type of methamphetamine charged in his indictment in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). Nothing in Booker addresses this claim of error, and Vazquez failed to object in the district court on either of the grounds addressed in Booker: (1) a Sixth Amendment violation resulting from an enhancement of a sentence based on facts (other than a prior conviction) found by the sentencing judge, which were not admitted by the defendant or found by the jury; or (2) that the Sentencing Guidelines were unconstitutional because they were mandatory and not advisory. Consequently, we review for plain error. United States v. Gore, 298 F.3d 322, 324 (5th Cir. 2002). Because the district court did not enhance Vazquez's sentence on the basis of any facts found solely by the court, we conclude that Booker's Sixth Amendment holding is not applicable to this case.

2

However, under the Booker holding that the Guidelines are to be advisory and not mandatory, there is error in this case because the district court viewed and acted under the Sentencing Guidelines as mandatory and not discretionary. See Booker, 125 S.Ct. at 769; United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005). Applying our plain error analysis, we conclude: (1) there was error because the district court operated under a mandatory scheme and not an advisory scheme; and (2) such error is now plain under Johnson v. United States, 520 U.S. 461, 468 (1997) (holding it is enough that error be plain at the time of appellate review). However, under the third prong of our plain error methodology, i.e., whether the error affects substantial rights, it is Vazquez's burden to show that, but for the error of acting on the premise that the Guidelines are mandatory and not advisory, the district court would have made a different decision. Valenzuela-Quevedo, 407 F.3d at 733.

In United States v. Mares, 402 F.3d 511 (5th Cir. 2005), we said that "the pertinent question is whether [the defendant] demonstrated that the sentencing judge — sentencing under an advisory scheme rather than a mandatory one — would have reached a significantly different result." Id. at 521. That is, the plain error standard places the burden of proof on the defendant and requires "'the defendant to show that the error actually did make a difference: if it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the

3

error is uncertain so that we do not know which, if either, side it helped the defendant loses.'" Id. (quoting United States v. Rodriquez, 398 F.3d 1291, 1300 (11th Cir. 2005)).

The applicable sentencing range under the Guidelines in this case, as determined by the presentence investigation report, was 97 to 121 months. Section 841(b)(1)(A) provides that a person found guilty of violating subsection (a) is subject to a mandatory minimum sentence of ten years' imprisonment. The district court judge sentenced Vazquez to this mandatory minimum. Therefore, even if given the opportunity to treat the Guidelines as discretionary only, the district court was nevertheless bound by statute to have imposed at least the same sentence it did. Accordingly, we determine that Vazquez cannot satisfy the third prong of our plain error analysis, i.e., that the sentence imposed by the district court violated his substantial rights.

We conclude, therefore, that nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case. We therefore AFFIRM the conviction and sentence as set by the district court.

**AFFIRMED.**